139-10/EEL
FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Petitioner
NORLAND ENTERPRISE S. de R.L.,
80 Pine Street
New York, New York 10005
212.425.1900
Eric E. Lenck

JUDGE GARDEPHE

10 CIV 9215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NORLAND ENTERPRISE S. de R.L.,

                Petitioner,

-against-

C-FUELS AMERICA INC.,

                Respondent.
-------------------------------------------------------x

10 Civ.

PETITION TO CONFIRM
ARBITRATION AWARD

The Petitioner, Norland Enterprise S. de R.L., (hereinafter "Norland" or "Petitioner"), by its attorneys Freehill Hogan & Mahar, LLP, complaining of the above-named Respondent C-Fuels America, Inc. (hereinafter "C-Fuels" or "Respondent"), alleges upon information and belief as follows:

### JURISDICTION & PARTIES

1.    This is a claim under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Alternatively, this Honorable Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1332(a)(1) and/or (2), inasmuch as it involves a controversy the value of which exceeds the sum of $75,000.00, exclusive of interest and costs, and involves parties

361645.1

having complete diversity of citizenship. Further, in pursuing the relief sought herein, Norland invokes the United States Arbitration Act, codified at 9 U.S.C. §1, *et seq.*, and specifically, 9 U.S.C. §§9 and 207 relating to confirmation of an arbitration award. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(a)(2), in accordance with 9 U.S.C. §§9, 203 and 207.

2. At all times material hereto, Plaintiff was, and is, a legal entity organized and existing pursuant to the laws of the Republic of Panama, with offices at 16th Floor, P.H. Plaza 2000, 50th Street, Panama, Republic of Panama.

3. At all times material hereto, C-Fuels, was and is a legal entity organized under and existing pursuant to the laws of the State of Florida with an office and place of business at 255 Alhambra Circle, Suite 680, Coral Gables, Florida 33134.

## GENERAL ALLEGATIONS

4. Pursuant to a SHELLTIME 4 form time charter-party dated March 15, 2010, C-Fuels agreed to time charter the tanker vessel M/T TRADEWIND SUN, owned by Norland, for a six month period with the intent of using the vessel for bunkering operations in the Caribbean area.

5. Norland delivered the TRADEWIND SUN and it was accepted by C-Fuels on April 4, 2010 at 0001 hrs local time in full compliance with the charter-party requirements.

6. The charter-party required C-Fuels to pay hire of $7,000 per day, payable 15 days in advance by wire transfer. It also required C-Fuels to pay for all bunkers on board at the time of delivery. The 15 day advance hire payment due on April 4, 2010 amounted to $105,000 and the bunkers on delivery due on April 4, 2010 amounted to $191,057.42.

7.  C-Fuels failed to pay either amount when due despite numerous follow up requests from Norland.

8.  On April 11, 2010, and at various other times, Norland notified C-Fuels of its default under clauses 8 and 9 of the charter party and cited in particular line 28 of the charter party, which reads,

> "PAYMENT OF HIRE: In default of Charterer's proper and timely payment of hire hereunder, Owners may withdraw the vessel from the service of Charterer's without prejudice to any other rights Owners may have under this charter or otherwise. Timely payment of hire is of the essence."

9.  Despite continuing promises of payment and even statements by C-Fuels' president that funds were on their way, neither the hire payment nor the bunkers on delivery payment was received by Norland. Norland set as a final deadline for payment the close of banking on April 16, 2010, which C-Fuels failed to meet. It only paid $50,000, far less than the amount due.

10. Based upon C-Fuels' fundamental breach in failing to pay hire and bunkers on delivery after due protest and notice, Norland withdrew the TRADEWIND SUN from the service of C-Fuels on April 21, 2010.

11. Clause 76 of the charter party provided for arbitration in New York as follows:

> "76) This agreement shall be governed by and construed in accordance with United States of America Law and any dispute arising out of this agreement shall be referred to arbitration in New York in accordance with the Arbitration Acts or any statutory modification or reenactment thereof for the time being in force, one arbitrator being appointed by each party. On the receipt by one party of the nomination in writing of the other parties arbitrator. That party shall appoint their arbitrator within 14 days, failing which, decision of the single arbitrator appointed shall apply.
> If two arbitrators properly appointed do not agree they shall appoint an umpire whose decision shall be fine. The arbitration shall be conducted in accordance with the New York Maritime Arbitrators current at the time when the Arbitration procedure are going to commence."

361645.1

12. Norland demanded arbitration on April 20, 2010 and appointed Mr. A.J. Siciliano as its arbitrator. The written demand was served on C-Fuels by fax on April 20, 2010, and delivered to the office of C-Fuels by FedEx courier on April 21, 2010. C-Fuels later accepted Mr. Siciliano to act as the sole arbitrator.

13. On or about September 7, 2010, Norland presented the sole arbitrator with a Motion for Partial Final Award for Security. C-Fuels filed its opposition to the motion and an arbitration hearing took place on October 14, 2010 at which C-Fuels presented the testimony of Mr. Denis Beauvarlet, its president.

14. On October 18, 2010, the sole arbitrator Mr. A.J. Siciliano granted Norland's Motion for Partial Final Award for Security and ordered C-Fuels to place $650,000.00 into an interest bearing escrow account or to post security in the form of a confirmed letter of credit, bond or bank guarantee within 30 days. A copy of the Partial Final Award is attached as Exhibit A.

15. Based on the sole arbitrator's October 18, 2010 decision granting on Norland's Motion for Partial Final Award for Security, Plaintiff hereby invokes 9 U.S.C. §§9 and 207 and commences the instant action to request this Honorable Court to confirm the award of security in the amount of $650,000.00, and to order sanctions against Norland in the event of continuing non-compliance.

**WHEREFORE,** Petitioner prays that this Honorable Court:

1. Take jurisdiction over the instant cause and confirm the Partial Final Award for Security in favor of Norland, and against C-Fuels in the amount of $650,000.00; and

361645.1

2. Hold C-Fuels in contempt in the event it continues to fail to abide by the terms of the Partial Final Award or impose such other sanction against C-Fuels that will force compliance.

3. Grant such other legal or equitable relief to which it is entitled, or that this Court deems appropriate.

Dated: New York, New York
9th day of December, 2010.

                                      FREEHILL, HOGAN & MAHAR, LLP
                                      Attorneys for Petitioner

                                      By: _____
                                          Eric E. Lenck
                                          80 Pine Street
                                          New York, New York 10005
                                          212.425.1900

**TO:** C-Fuels America, Inc.
255 Alhambra Circle, Suite 680
Coral Gables, FL 33134

Stephen D. Field, Esq.
Stephen D. Field, P.A.
Attorney for C-Fuels America, Inc.
7700 North Kendall Drive
Suite 505
Miami, Florida 33156

EXHIBIT A

In the Matter of the Arbitration

      -between-

Norland Enterprise S. De R.L, as Owner
of the **MT TRADEWIND SUN**,

      -and-

C-Fuels America Inc., Charterer

Under a SHELLTIME 4 form of Time
Charter Party dated March 15, 2010

Partial Final Award
<u>October 18, 2010</u>

Before:  A. J.  Siciliano, Sole Arbitrator

Appearances:   For Norland Enterprise S. De R.L.
                 Freehill Hogan & Mahar, LLP
                 by Eric E. Lenck, Esq.

                 For C-Fuels America Inc.
                 Stephen D. Field, P.A.
                 By Stephen D. Field, Esq.

**<u>Introduction</u>**

The sole issue currently before the sole arbitrator for decision is Owner Norland's renewed application for an award for security in aid of arbitration in the amount of $677,405.86.  Arbitration Clause 76 of the charter called for an initial panel of two arbitrators, with provision for an umpire should they disagree.  Each party was to choose one arbitrator.  However, when Charterer C-Fuels failed to respond to Norland's nomination of the undersigned within the required 14 days, Norland moved for the undersigned to serve as sole arbitrator, as permitted by the aforesaid Arbitration Clause.  Shortly thereafter, C-Fuels confirmed it was content to have the dispute decided by the undersigned as sole arbitrator.

At Charterer's request, a formal hearing was held October 14, 2010 to present the testimony of its President, Denis Beauvarlet, in opposition to Owner's claims, including Norland's application for security in aid of arbitration. The witness explained that C-Fuels was primarily a marketer of bunker fuels and that this was the first occasion that either he or C-Fuels had chartered an entire vessel. He confirmed that C-Fuels agreed to time charter the MT Tradewind Sun for a period of six months at $7,000 per day to perform bunkering services for other vessels trading in the Caribbean and to the U.S. Gulf. He also acknowledged the ship was delivered and accepted into the service of C-Fuels with effect from 00:01 hours, local time, on April 4, 2010 at the port of Curacao. The Tradewind Sun was then directed by C-Fuels to proceed to Galveston, where she arrived off the port limits April 10, 2010. Due to non-payment of charter hire and delivery bunkers, Norland withdrew the vessel on April 21, 2010, by which time a second hire payment was overdue.

C-Fuels admits it could not and did not pay the initial 15 days hire of $105,000 or make payment for delivery bunkers of $ 191,057.42. Its President testified that when C-Fuels entered into the charter, it was relying upon funding from a separate financial source, which chose to withdraw from the project. Without that funding, C-Fuels was incapable of carrying on with the planed bunkering operations or of meeting its contractual obligations to Norland. Its efforts to obtain substitute funding proved futile, whereupon, C-Fuels sought to sub-let the ship to others. C-Fuels acknowledges it was in breach of its charter obligations, but contends Norland wrongly interfered with its earnest efforts to cure that breach. Indeed, but for Norland's improper marketing at low rates and its premature withdrawal of the vessel on April 21, 2010, those efforts would have resulted in a 30 to 60 day sub-let time charter to World Gas Belize Limited at $12,500 per day, less commissions of $250.00. On this basis, C-Fuels denies Norland is entitled to the damages claimed. Instead, C-Fuels asserts a counter-claim against Norland for $1,082,500, representing net lost profits of $5,250 on an initial voyage of 30 days or $157,500, a second voyage of 60 days or $315,000, plus an additional $610,000 for the lost opportunity to sub-let the vessel on similar terms for the time remaining under the

Norland charter. Finally, C-Fuels seeks return of the $50,000 it paid to Norland the day prior to the vessel having been withdrawn. .

Contending that the Tradewind Sun was unable to obtain substitute employment until June 6, 2010, Norland has put forward claims totaling $564,504.89 as follows:

| | |
|---|---|
| 1. Hire from April 4 to June 6, 2010 @ $7,000 per day | $441,000.00 |
| 2. Bunkers consumed | 123,740.74 |
| 3. Houston Roads Expenses | 12,350.26 |
| 4. Capt. Zenenko Expenses | 26,741.31 |
| 5. Capt. Arriola Expenses | <u>10,672.58</u> |
| | $614,504.89 |
| Credit C-Fuel April 20, 2010 part payment | <u>(50,000.00)</u> |
| | $564,504.89 |

Norland's security request is for $677,405.86, which includes an uplift of 20% to account for interest, costs and attorney fees.

Not only have the parties consented that the undersigned serve as sole arbitrator in this matter, but both agree the undersigned is empowered to order security in aid of arbitration and that Owner's motion to do so is now ripe for decision.

**Discussion and Decision**

I have taken into account the competing pre-hearing memoranda filed in support of Owner's motion for security and that filed by Charterer in opposition to that motion. I have also paid close attention to the candid testimony offered by C-Fuel's President, Denis Beauvarlet at the hearing held in New York on October 14, 2010. Much of what has been said and/or argued involve issues of fact and/or contract interpretations that go beyond the Owner's application for security in aid of arbitration now before me. Those issues are best left for such time as a final award in this matter is issued.

The pertinent arguments and evidence presented persuade me that Norland has met the conditions customarily required for an award for security in aid of arbitration. Despite the vessel having been timely delivered into Charterer's service, C-Fuels admits it neither paid the advance hire nor the delivery bunkers. Moreover, Mr. Beauvarlet readily confirmed that without financial support from others, C-Fuels was incapable of meeting its obligations to Norland or carrying on with the planned initial purpose for chartering the vessel. I accept Mr. Beauvarlet's assertions that he made earnest efforts to cure the default, but the fact remains that C-Fuels was then in a state of default which it could not cure without the immediate financial intervention of a third party or a viable sub-let charter.

C-Fuels argues that Norland wrongly interfered with its efforts to sublet the vessel to World Gas. Counsel for C-Fuels has requested and the arbitrator has granted him leave to propound up to twenty interrogatories to Norland on that and related subjects by Friday, October 22, 2010. Clearly, C-Fuels is still in the process of developing its defense and counter claims. Finally, C-Fuels was given the opportunity, but declined to voluntarily provide security to Norland

I am mindful of prior arbitration decisions, including those issued by myself, holding that awards for security in aid of arbitration should be issued sparingly, and preferably after the moving party has made reasonable efforts to obtain security by other means. Although, the 2009 Jaldhi[1] decision by Second Circuit significantly narrowed those alternatives, I still consider that the moving party is required to show good cause for that equitable arbitral remedy. Here, the evidence supports Norland's contentions that C-Fuels has committed a fundamental breach of the charter and that none of its admittedly limited resources/assets are located outside its home jurisdiction in the State of Florida.

I find Norland's security request to be somewhat overstated. Accordingly, I hereby grant Norland's application but, rather than the $677,405.86 sought, C-Fuels America Inc. is directed to place the lesser sum of $650,000.00 into an interest bearing escrow account,

---

[1] The Shipping Corporation of India Ltd. v Jaldhi Overseas Pte, Ltd., 535 F. 3d 58 (2d Cir 2009)

held by a mutually acceptable third party, which sum is to serve as security for the payment of such amounts as may hereafter be awarded to Norland. Alternatively, C-Fuels may elect to provide security in the form of a confirmed letter of credit, bank guaranty or surety bond with terms reasonably acceptable to Norland. Any dispute associated with the method, delivery or form of security offered by C-Fuels is to be referred to the undersigned for decision. The security is to be established no later than thirty (30) days from the date hereof, failing which Norland may move to have this Partial Final Award, confirmed and reduced to judgment in any court of competent jurisdiction.

The arbitrator retains jurisdiction to hear and decide the remaining issues in dispute. Allocation and payment of the arbitrator's fee is deferred until all additional submissions are received or a final award is issued.

_____
A. J. Siciliano
Sole Arbitrator

New York, NY
October 18, 2010